**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Chapter 13 |
| Frank and Roann Lapi, | ) | |
| | ) | No.: 14-38695 |
| Debtors. | ) | Hon. Donald R. Cassling |

**BMO HARRIS BANK N.A.'S RESPONSE IN OPPOSITION TO DEBTORS' MOTION**
**TO DETERMINE VALUE**

NOW COMES creditor BMO Harris Bank N.A. f/k/a Harris N.A. ("BMO"), by and

through its attorneys, Ehrenberg and Egan, LLC., and in response to the Debtors' motion to

determine value of claim secured by lien on estate property states as follows:

**I.      Introduction**

The Debtors filed their Chapter 13 bankruptcy case on October 24, 2014. The Debtors

own and reside at the property located at 2328 Woodside Drive, Carpentersville, IL 60110

(thereafter "Property"). BMO holds the second mortgage lien on the Property. The Debtors'

Chapter 13 plan, filed on October 24, 2014, proposes to "cram-down" BMO's lien.

On November 21, 2014, the Debtors filed their Motion to Determine Value of Claim (the

"Motion") seeking to bifurcate BMO's second mortgage claim. In their Motion, the Debtors

assert that the value of the Property is $168,000.00 and the first mortgagee is owed $144,684.85,

establishing equity in an amount of only $23,315.15. As such, the Debtors intend to pay BMO

$23,315.15 as a secured claim through their plan.[1]

However, BMO's recent BPO values the Property at $220,000.00[2], leaving enough equity

for BMO's claim to be fully secured, defeating the desired bifurcation of BMO's secured claim.

---

[1]The proposed plan only proposes payment of $13,271.00, which BMO assumes is simply an error by the Debtor.

[2]BMO reserves the right to conduct an interior appraisal.

## II.      Argument

Section 506(a) of the Bankruptcy Code contemplates bifurcation of a debtor's obligation to a secured creditor into secured and unsecured claims, depending on the value of the collateral securing the debt. 11 U.S.C. 506(a); In re Wright, 492 F.3d 829, 830 (7th Cir. 2007).  Section 506(a)(1) provides that a creditor's claim is "a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim," meaning that the claim is secured to the extent of the value of the creditor's interest in the collateral and unsecured to the extent that the amount of the claim exceeds the value of the collateral.  Id.

Here, the Debtors seek to have the Property valued at $168,000.00. To support their valuation, the Debtors provide an interior appraisal conducted in May 2014, five months before their pending Chapter 13 petition was filed. However, BMO has a recent BPO that establishes that the value of the Property is significantly higher at $220,000.00.  Assuming that the first mortgagee is owed $144,684.85, as indicated on its proof of claim, there is sufficient equity to fully support BMO's second mortgage.   As such, the Debtors' Motion to bifurcate BMO's claim should be denied.

WHEREFORE,  BMO Harris Bank N.A. f/k/a Harris N.A. prays that this Court deny Debtors' Motion to Determine Value, and for any other relief deemed just and equitable.

BMO Harris Bank N.A.

By:    /s/ Adham Alaily
One of its attorneys

Adham Alaily
aalaily@ehrenbergeganlaw.com
EHRENBERG & EGAN, LLC
321 N. Clark St., Suite 1430
Chicago, Illinois 60654
(312) 253-8640